IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LARRY KLAYMAN
6538 Collins Ave, Suite 331
Miami Beach, FL 33141,

        Plaintiff,

v.

ROGER L. KLEINMAN
1300 East 9th Street, 20th Floor
Cleveland, OH 44114

CAVITCH, FAMILO & DURKIN CO., LPA
1300 East 9th Street, 20th Floor
Cleveland, OH 44114

MCDONALD HOPKINS, LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114

        Defendants.

Civil Action No.

## COMPLAINT

Plaintiff, Larry Klayman, hereby files this complaint against Defendant Roger Kleinman, Defendant Cavitch, Familo & Durkin Co., LPA, and McDonald Hopkins, LLC. As grounds therefore, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction under the provisions of 28 U.S.C. §1332 because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

1

2. The case and controversy arose in large part in this district and the parties entered into a legal representation agreement in this district, as well as engaged in other actions herein. Defendant Kleinman made telephone calls into, sent email and letters, sent billings and took other actions in this district to procure and obtain compensation for his representation and then litigated the custody matter with significant contact in this district. His former and current law firms do business regularly in this district on an on-going basis.

## PARTIES

3. Plaintiff Larry Klayman is a citizen of the State of Florida and at all material times was and is the father of two children Lance and Isabelle Klayman.

4. Defendant Roger Kleinman is a citizen of the state of Ohio.

5. Defendant Cavitch, Familo & Durkin Co., LPA is a legal professional association organized in the state of Ohio.

6. Defendant McDonald Hopkins, LLC is a limited liability company organized within the state of Ohio.

## STATEMENT OF FACTS

7. Defendant Kleiman is a family law attorney and was hired in 2007 to represent Plaintiff Klayman in custody and marital agreement enforcement proceedings concerning Plaintiff's children.

8. Defendant Kleinman is presently employed by Defendant Cavitch, Familo & Durkin Co., LPA.

9. Defendant Kleinman was previously employed by Defendant McDonald Hopkins, LLC during material times herein.

10. During and throughout the course of this legal representation, which concluded on or about mid-August 2012, Defendant Kleinman engaged in professional negligence by violating his duty of care and proper, competent and zealous representation of Plaintiff Klayman in ways which include but are not limited to:

   a) Failing and refusing to file motions and/or writs of mandamus to have the consent marital agreement enforced in order that Plaintiff could visit and speak with his children as required by the consent marital agreement. The reason for this was, on information on belief, that Defendant had and continues to split fees with, has work referred to him by, and has other conflicting business agreements with the law firm representing Plaintiff's former spouse. Defendant, on information and belief, failed to disclose these conflicts of interest to Plaintiff. In short, Defendant failed to zealously and competently and honestly represent his client, Plaintiff.

   b) Failing and refusing to file motions and take other proper competent and reasonable legal actions to seek to hold the opposing counsel accountable for false and misleading representations and actions they had made and taken in the subject family court proceedings. These false and misleading representations by opposing included but were not limited to telling the family court that the Department of Children and Families had advised that Plaintiff not be able to see or speak with his children, thus inducing the court not to act to enforce visitation and telephone contact. In addition, Defendant failed and refused to take remedial action with the family court to seek redress over opposing counsel using fraudulent and illegal means to obtain Plaintiff's financial and other information.

3

c) Failing and refusing to advise Plaintiff that his withholding child support, which he did when all contact with his children was cut off by his former spouse, would result in a criminal indictment – rather than just a civil contempt finding which could be purged and/or appealed to a higher court. As a result Plaintiff was indicted for non-payment of child support on February 2, 2012, and the indictment having been widely publicized by the District Attorney and others, severely harmed Plaintiff's personal and professional reputations, good will, and livelihood.  This also caused Plaintiff severe emotional distress.

d) When Plaintiff sought to have Defendant represent him, in part with regard to having this indictment dismissed, and a civil contempt order lifted, as there was a legal defense to non-payment of child support, Defendant, without adequate notice and care for the dire legal straights Plaintiff found himself in, left the country for China for over two weeks, during a critical period of representation. When Plaintiff asked Defendant to reschedule his China trip, Defendant refused. The lack of accessibility and proximity this caused harmed and damaged Plaintiff greatly (Plaintiff had to hire other attorneys at great expense and the indictment was ultimately dismissed but not until significant damage had already been done.).

e) Failing to competently prepare appellate briefs and other pleadings and even selectively removing legal and factual argument from draft briefs, which Plaintiff, who is a lawyer, had researched and prepared. These actions were taken without Plaintiff's knowledge, and the final briefs filed by Defendant without advising Plaintiff that the legal and factual arguments had been removed. On one

4

occasion, Defendant precipitously left town to go on vacation to Aruba and filed a wholly abbreviated, incompetent and negligent appellate brief as a result.

f) When the initial round of appeals were thus lost by Defendant, filing a motion for rehearing that failed, without notice by Plaintiff, to ask for en banc review (despite Plaintiff's direction that Defendant do so), thus sending the motion for rehearing back to the very same three judges who had affirmed the lower court's ruling.

g) Removing Defendant's name from court filings to give the impression that he did not agree with and/or was distancing himself from Plaintiff on crucial issues on appeal, due to his conflicts of interest.

h) Refusing and failing to file motions to disqualify the magistrate and judge in the custody and consent marital agreement enforcement proceedings, Defendant putting his personal and professional relationships with these judicial officers ahead of his client's interests.

i) Failing to object to the introduction of evidence at the trial of the custody and consent marital agreement enforcement proceedings, as well as call key witnesses, which caused harm to Plaintiff and compromised his rights. For example. Defendant failed to object to the introduction of a falsified diary allegedly kept by Plaintiff's former spouse prior to the divorce, which was not otherwise admissible in these post divorce proceedings. Because of Defendant's failure to object, this highly prejudicial "evidence" was used and considered by the court in a manner adverse to Plaintiff. In addition, Defendant failed to subpoena and call key witnesses from the Department of Children and Families,

      Sheriff's Department and District Attorney in Cleveland, to rebut false charges of child sexual abuse, which charges had been dismissed by them.

j) Failing to notify and send pleadings and court orders to Plaintiff, resulting in the loss or compromise of Plaintiff's rights.

k) Making speaking objections during discovery depositions, and other statements on the record, which harmed Plaintiff's interests.

l) Other acts of professional negligence, including those that will be disclosed during discovery in this cause.

11. The acts of negligence were continuous in nature and are continuing, and have resulted in Plaintiff being cut off from his children for now going on six years, as well as an adverse award of attorneys fees in excess of $320,000.00 against Plaintiff, among other significant damage.

## COUNT I

(Legal Malpractice)

12. Plaintiff incorporates paragraphs 1-11 as if fully set forth herein.

13. At all material times, Plaintiff and Defendants were engaged in an attorney client relationship in which Defendant Kleinman represented the matter of Plaintiff's child custody and consent marital agreement enforcement proceedings.

14. Defendants negligently gave Plaintiff incorrect legal advice and failed to adequately represent Plaintiff in the child custody matter and consent marital agreement enforcement proceedings and with regard to Plaintiff's indictment.

15. Plaintiff relied on the legal advice and representation of Defendant Kleinman and his law firm.

16. Plaintiff suffered harm as a result of Defendants' negligently given legal advice and actions, and incurred significant financial damage, and damage to his personal and professional reputations and professional good will. Plaintiff also was caused significant emotional distress.

WHEREFORE, Plaintiff prays for:

I. An amount in excess of one million dollars ($1,000,000) for damages incurred as a result of Defendants' negligent practices and acts;

II. an award of attorneys fees and costs;

III. any and all other such relief the Court deems just or proper.

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

LARRY KLAYMAN
6538 Collins Ave, Suite 331
Miami Beach, FL 33141
(310) - 595-0800
leklayman@gmail.com

Plaintiff pro se