IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN<br>2520 Coral Way, Suite 2027<br>Miami, FL 33145,<br><br>   Plaintiff,<br>v.<br><br>ROGER L. KLEINMAN<br>1300 East 9th Street, 20th Floor<br>Cleveland, OH 44114<br><br>CAVITCH, FAMILO & DURKIN CO., LPA<br>1300 East 9th Street, 20th Floor<br>Cleveland, OH 44114<br><br>MCDONALD HOPKINS, LLC<br>600 Superior Avenue, East<br>Suite 2100<br>Cleveland, OH 44114<br><br>   Defendants. | Civil Action No. 13-cv-20423-King/McAliley |

## AMENDED COMPLAINT

Plaintiff, Larry Klayman, hereby files this complaint against Defendant Roger Kleinman, Defendant Cavitch, Familo & Durkin Co., LPA, and McDonald Hopkins, LLC. As grounds therefore, Plaintiff alleges as follows:

JURISDICTION AND VENUE

1. This Court has original jurisdiction under the provisions of 28 U.S.C. §1332 because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

1

2. The case and controversy arose in large part in this district and the parties entered into a legal representation agreement by and through this district, as well as engaged in other actions herein. Defendant Kleinman made telephone calls into, sent email and letters, sent billings and took other actions in this district to procure and obtain compensation for his representation and then litigated the custody matter with significant contact in this district including taking and/or participating in depositions in this district, material witnesses to the legal matters Defendant was hired to perform are located in this district. Defendant's former and current law firms do business regularly in this district on an on-going basis.

## PARTIES

3. Plaintiff Larry Klayman is a citizen of the State of Florida and at all material times was and is the father of two children Lance and Isabelle Klayman.

4. Defendant Roger Kleinman is a citizen of the state of Ohio.

5. Defendant Cavitch, Familo & Durkin Co., LPA is a legal professional association organized in the state of Ohio.

6. Defendant McDonald Hopkins, LLC is a limited liability company organized within the state of Ohio.

## STATEMENT OF FACTS

7. Defendant Kleiman is a family law attorney and was hired in 2007 to represent Plaintiff Klayman in custody and marital agreement enforcement proceedings concerning Plaintiff's children.

8. Defendant Kleinman is presently employed by Defendant Cavitch, Familo & Durkin Co., LPA.

9. Defendant Kleinman was previously employed by Defendant McDonald Hopkins, LLC during material times herein.

10. During and throughout the course of this legal representation, which concluded on or about mid-August 2012, Defendant Kleinman engaged in professional negligence and malpractice by violating his duty of care and proper, competent and zealous representation of Plaintiff Klayman in ways which include but are not limited to:

   a) Failing and refusing argue zealously and to file motions and/or writs of mandamus to have the consent marital agreement enforced in order that Plaintiff could visit and speak with his children as required by the consent marital agreement. The reason for this was, on information on belief, that Defendant had and continues to split fees with, has work referred to him by, and has other conflicting business agreements with the law firm representing Plaintiff's former spouse, and does not want to offend or anger family court magistrates and judges, who on information and belief refer cases to him and his firms. In short, Defendant was not going to "stick his neck out" for a client who was financially strapped during the course of representation, and Defendant expressed this to Plaintiff recently. Defendant, on information and belief, failed to disclose these conflicts of interest to Plaintiff. In short, Defendant thus failed to zealously and competently and honestly represent his client, Plaintiff.

   b) Failing and refusing to file motions and take other proper competent and reasonable legal actions to seek to hold the opposing counsel accountable for false and misleading representations and actions they had made and taken in the subject family court proceedings. These false and misleading representations by

opposing included but were not limited to telling the family court that the Department of Children and Families had advised that Plaintiff not be able to see or speak with his children, thus inducing the court not to act to enforce visitation and telephone contact. In addition, Defendant failed and refused to take remedial action with the family court to seek redress over opposing counsel using fraudulent and illegal means to obtain Plaintiff's financial and other information, as well as manufacturing demonstratively false accusations of child abuse. In addition, Defendant made gratuitous and unfounded statements at the depositions which were later used against Plaintiff in court proceedings, resulting in his being prevented from also appearing pro se in the case.

c) Failing and refusing to advise Plaintiff that his withholding child support, which he did when all contact with his children was cut off by his former spouse, would result in a criminal indictment – rather than just a civil contempt finding which could be purged and/or appealed to a higher court. As a result Plaintiff was indicted for non-payment of child support on February 2, 2012, and the indictment having been widely publicized by the District Attorney and republished by others, severely harmed Plaintiff's personal and professional reputations, good will, and livelihood.  This also caused Plaintiff severe emotional distress.

d) When Plaintiff sought to have Defendant represent him, in part with regard to having this indictment dismissed, and a civil contempt order lifted, as there was a legal defense to non-payment of child support, Defendant, without adequate notice and care for the dire legal straights Plaintiff found himself in, left the

4

country on very short notice for China for over two weeks, during a critical period of representation. When Plaintiff asked Defendant to reschedule his China trip, Defendant refused. The lack of accessibility and proximity this caused harmed and damaged Plaintiff greatly (Plaintiff had to hire other attorneys at great expense and the indictment was ultimately dismissed but not until significant damage had already been done.).

e) Failing to competently prepare appellate briefs and other pleadings and even selectively removing legal and factual argument from legal briefs, which Plaintiff, who is a lawyer, had researched and prepared and which Plaintiff and Defendant had agreed to include in the briefs. These actions were taken without Plaintiff's knowledge, and the final briefs filed by Defendant without advising Plaintiff that the legal and factual arguments had been removed, on information and belief to compromise Plaintiff's interests or based on just poor laziness and lack of professionalism by Defendant. On one occasion, Defendant precipitously left town to go on vacation to Aruba and filed a wholly abbreviated, incompetent and negligent appellate brief as a result, replete with typographical, substantive and other errors.

f) When the initial round of appeals were thus lost by Defendant, filing a motion for rehearing that failed, without notice by Plaintiff, to ask for en banc review (despite Plaintiff's direction that Defendant do so), thus sending the motion for rehearing back to the very same three judges who had affirmed the lower court's ruling.

g) Removing Defendant's name from court filings to give the impression that he did not agree with and/or was distancing himself from Plaintiff on crucial issues on appeal, due to his conflicts of interest.

h) Refusing and failing to file motions to disqualify the magistrate and judge in the custody and consent marital agreement enforcement proceedings, Defendant putting his personal and professional relationships with these magistrates and judicial officers ahead of his client's interests.

i) Failing to object to the introduction of evidence at the trial of the custody and consent marital agreement enforcement proceedings, as well as call key witnesses, which caused harm to Plaintiff and compromised his rights. For example. Defendant failed to object to the introduction of a falsified diary allegedly kept by Plaintiff's former spouse prior to the divorce, which was not otherwise admissible in these post divorce proceedings. Because of Defendant's failure to object, this highly prejudicial "evidence" was used and considered by the court in a manner adverse to Plaintiff. In addition, Defendant failed to subpoena and call key witnesses from the Department of Children and Families, Sheriff's Department and District Attorney in Cleveland, to rebut false charges of child sexual abuse, which charges had been dismissed by them.

j) Failing to notify and send pleadings and court orders to Plaintiff, resulting in the loss or compromise of Plaintiff's rights.

k) Making speaking objections or spewing nonsense during discovery depositions improperly agreeing with opposing counsel, and other statements on the record, which harmed Plaintiff's interests.

l) Causing the trial of the custody proceeding to become a mockery, as Defendant constantly referred to opposing counsel and the guardian ad litem by their first names, joking with them in front of the court in a case which contained false allegations of child abuse by Plaintiff, and creating the impression that he was literally in bed with opposing counsel and the guardian ad litem and that the serious allegations against Plaintiff were not outrageous and not to be taken seriously, but instead lightly. Defendant also handed to the magistrate a book written by Plaintiff, entitled "Whores: Why and How I Came to Fight the Establishment," which book underscores Plaintiff's legal and public interest activism and his conservative politics. The magistrate is a liberal and likely reacted to this book in ruling against Plaintiff and writing an unprecedented 93 page, single-spaced decision that was factually false in many respects and showed bias and prejudice -- which had a factual basis

m) Negligently advising Plaintiff to take the Fifth Amendment over child abuse allegations, while failing to call material witnesses, which invocation was later used by the magistrate and judge to raise inferences of alleged improper touching of his children.

n) Allowing and not taking any action to redress and prevent opposing counsel and the guardian ad litem and Plaintiff's former spouse from engaging in ex parte communications with magistrates and judges, despite being ordered to take such action by Plaintiff.

    o) Upon information and belief, disclosing confidential attorney work product to opposing counsel either negligently or willfully given Defendant's conflict of interest.

    p) Other acts of professional negligence and intentionally harmful conduct, including those that will be disclosed during discovery in this cause.

11. The acts of negligence and willful tortious acts were continuous in nature and are continuing , and have resulted in Plaintiff being cut off from his children for now six years, as well as an adverse award of attorneys fees in excess of $320,000.00 against Plaintiff (which Defendant did not contest or competently contest), among other significant damage. To this date, Defendant remains counsel of record, never having filed notices of withdrawal as Plaintiff's counsel.

## COUNT I

### (Legal Malpractice)

12. Plaintiff incorporates paragraphs 1-11 as if fully set forth herein.

13. At all material times, Plaintiff and Defendants were engaged in an attorney client relationship in which Defendant Kleinman represented the matter of Plaintiff's child custody and consent marital agreement enforcement proceedings.

14. Defendants negligently gave Plaintiff incorrect legal advice and failed to adequately, competently and zealously represent Plaintiff in the child custody matter and consent marital agreement enforcement proceedings and with regard to Plaintiff's indictment, as well as contempt proceedings.

15. Plaintiff relied on the legal advice and representation of Defendant Kleinman and his law firm.

16. Plaintiff suffered harm as a result of Defendants' negligently given legal advice and actions, and incurred significant financial damage, and damage to his personal and professional reputations and professional good will. Plaintiff also was caused significant emotional distress.

## COUNT II

(False Representations in the Inducement and False Representations (Fraud))

17. Plaintiff realleges paragraphs 1 through 16 as if alleged herein.

18. In entering into the legal representation agreement with Plaintiff, Defendant falsely represented that he would zealously oppose Plaintiff's ex spouse and litigate the custody and visitation provisions of the Consent Marital Agreement.

19. It was never Defendant's intention to zealously oppose Plaintiff's ex spouse as he was conflicted in his dealings with opposing counsel and their law firm, and sought to curry favor with family court magistrates and judges, and remained so throughout the course of his legal representation to the present. Defendant failed to disclose these conflicts and his desire and intention to curry favor with magistrates and judges of the family court to Plaintiff.

20. Defendant thus failed to disclose these conflicts of interest to Plaintiff, and this constitutes material omissions tantamount to false statements of fact. Plaintiff relied on these material false statements throughout the course of legal representation, to his detriment.

21. As a result of these false representations, Plaintiff was severely damaged.

WHEREFORE, Plaintiff prays for:

I. An amount in excess of one million dollars ($10,000,000) for actual, compensatory and other damages incurred as a result of Defendants' negligent practices and acts;

II. An award of punitive damages as well as attorneys fees and costs;

III. Any and all other such relief the Court deems just or proper.

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

LARRY KLAYMAN
2520 Coral Way, Suite 2027
Miami, FL 33145
(310) - 595-0800
leklayman@gmail.com

Plaintiff Pro Se